**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. **CR 3:07-559** |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **DEFENDANT'S** |
| | ) | **SENTENCING MEMO** |
| AMBER DAWN SELF, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the undersigned CJA Panel Attorney for the above named defendant and hereby submits her Sentencing Memo.

**Table of Contents**

I.   INTRODUCTION……………………………………………………….. 2

    A.   Issues………………………………………………………………... 2

    B.   Witnesses…………………………………………………………….2

    C.   Exhibits…………………………………………………………….. 2

    D.   Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  WHETHER DEFENDANT HAS A MINOR ROLE IN THE OFFENSE THEREBY WARRANTING A TWO LEVEL MITIGATING ROLE ADJUSTMENT UNDER U.S.S.G § 3B1.2(b) . . . . . . . . . . . . . . . . . . . . . . . . 3

III. WHETHER A DOWNWARD VARIANCE FROM THE ADVISORY GUIDELINES IS WARRANTED TO ACHIEVE THE SENTENCING GOALS OF 18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1

**I.     INTRODUCTION**

Pursuant to the Court's Order of June 30, 2008, the defendant provides the following information in preparation for the sentencing hearing scheduled for July 29, 2008, at 3:30 a.m.

**A.     Issues**

The Defendant's objection to the Presentence Investigation Report (PSR) raises one Guideline Departure sentencing issue and, one 18 U.S.C. 3553(a) downward variance issue for the Court's determination:

> 1.     Whether the defendant had a minor role in the offense conduct that warrants a two level mitigating adjustment under U.S.S.G. § 3B1.2(b).
>
> 2.     Whether the characteristics of this defendant warrants a downward variance from the Sentencing Guidelines to achieve the sentencing goals of 18 U.S.C. § 3553(a).

**B.     Witnesses**

The Defendant does not anticipate on calling any witnesses.

**C.     Exhibits**

For Exhibits, the Defendant separately filed three letters written on her behalf: 1) Ms. Rhonda Schmidt, defendant's mother; 2) Krista Johnson defendant's 14 year old sister and; 3) Ms. Janet Wolfe, Director, *Grow Ministries*.

Defendant also submitted separately her *Allocution Statement*.

D.  Instant Case Procedural Background

On October 10, 2007 the defendant plead guilt to Count 1 of the Indictment which charged a violation of Title 21 United States Code, Sections 846, 841(a)(1) and (b)(1)(A), 856(a)(1), this is, conspiracy to manufacture, distribute and possess with intent to distribute 50 grams and more of cocaine base, also know as "crack" and to open and maintain places for the purpose of manufacturing, distributing and using cocaine base, also know as "crack."

On May 22, 2008 the Probation Officer filed the defendant's First Draft PSI Report.  In ¶ 59 the officer reports that a "mitigating role is not warranted for the defendant." And in ¶ 70 gave her an "Adjusted Based Level (subtotal) 36."

The defendant respectfully disagrees with the Probation Officer's assessment and seeks a 2 level mitigating role adjustment under U.S.S.G. § 3B1.2(b). Should the defendant succeed at the time of sentencing, her "Adjusted Based Level (subtotal)" will be, 34. Additionally, with her "Adjustment of Acceptance of Responsibility" of a 3 level downward adjustment, her "Total Offense Level" will be 31; with an advisory sentencing range of, 188-235 months of imprisonment.

**SENTENCING ISSUES TO BE DECIDED**

II. **WHETHER DEFENDANT HAS A MINOR ROLE IN THE OFFENSE THEREBY WARRANTING A TWO LEVEL MITIGATING ROLE ADJUSTMENT UNDER U.S.S.G § 3B1.2(b)**

The defendant seeks a 2 level reduction pursuant to U.S.S.G § 3B1.2(b): "If the defendant was a minor participate in any criminal activity, decrease by <u>2</u> levels." The defendant bears the burden of establishing that she is entitled to such a

reduction, and the "test for whether a reduction is appropriate is to compare the acts of the defendant in relation to the relevant conduct for which the participant is held accountable and measure each participant's individual acts and relative culpability against the elements of the offense." <u>United States v. Whiting</u>, 522 F.3d 845 (8th Cir. 2008) quoting from <u>United States v. Carpenter</u>, 487 F.3d 623, 625 (8th Cir. 2007).

**<u>The Criminal Conduct of Co-Conspirators as Stated in Defendant SELF's PSIR</u>**

The conspiracy in the instant matter occurred by June 15, 2006 and continued to on or about May 15, 2007. <u>See</u> <u>Count 1 of the Indictment</u>. A number of co-conspirators include; Willie Curry, Jr., Williams S. Combs, Brain L. Dickerson, Andrew L. Williams, and involved the transporting of powder cocaine from Chicago, Illinois to Davenport, Iowa and converting the powder cocaine into "crack" in Davenport.

Other participants include Shawn Barnes who stated that "he, Combs, Kim Lane, Johnny Lane and occasionally Raymond Harper, pooled their money together for the purchase of kilograms quantities of powder cocaine from a source in Chicago, IL." <u>See</u> <u>PSIR, ¶37</u>. The powder cocaine was converted into crack cocaine for distribution. <u>Id</u>. It was estimated that each kilogram of powder cocaine was converted into one to one-forth kilogram of crack by Kim Lane. <u>Id</u>. Barnes estimated that the group obtained one kilogram per week of powder cocaine from Chicago, IL. <u>Id.</u> The price of the kilograms of powder cocaine was usually $25,000.00; the crack cocaine was divided up based upon the amount contributed by each person. <u>Id</u>.

**On or about January 3, 2007, Andre Williams and the defendant Self, rented an apartment at 809 Perry Street in Davenport. Williams paid the first month's rent with $100.00 and some crack cocaine. See PSIR ¶ 15. Williams paid rent for the apartment but put the apartment in the name of the Defendant Self. Id. Ms. Self lived in the apartment for 3 weeks and then left. See PSIR ¶ 46. The 809 Perry Street apartment was used for the storage of the crack cocaine. PSIR ¶ ¶ 8, 26. There was a "locked closet door [that] Williams was the only one who had access to it.". See PSIR ¶ 50**

**Williams brought in several individuals including Wilder and defendant Self, for the purpose of selling crack cocaine, (see PSIR ¶ ¶ 50, 55, 56) while at the same time over-seeing the defendant Self and Hauschild (see PSIR ¶ 56).**

**The estimated drug quantities have been attributed to the following:**

| CO-CONSPIRATORS | AMOUNTS | PSIR ¶ |
|---|---|---|
| Williams, Andre | 6.11 kg | 55 |
| Combs, William | 6.13 kg | 55 |
| Wilder, Timothy | 1.05 kg | 56 |
| Smith, Lawrence | 6.11 kg | 57 |
| DEFENDAT SELF | 2. 05 kg | 59 |
| Hauschild, Anthony | 6.11 kg | 59 |
| Dickerson, Brain | 261 grms. | 60 |

**Comparing Defendant Self's Acts in Relation to the Relevant Conduct For Which She is Held Accountable and Measuring Each Participant's Individual Acts and Relative Culpability Against the Elements of the Offense**

**Although the defendant Self observed the activities of others she did participate or have full knowledge of the scope and structure of the conspiracy. For**

example she did not participate in the drug transportation from Davenport to Chicago for the purchases of powder cocaine; she was not the owner of any of the vehicles used for these transports; nor did she have any personal knowledge of the Chicago 'sources." Further, the Defendant Self did not "pool" any money with the co-conspirators in purchasing the powder cocaine; she did not gain any finical profit from these sales, nor did she pay rent for the 809 Perry Street and 206 E. 12th Street residences. Ms. Self did not convert the powder cocaine into "crack." Nor did she bring in another individual into the conspiracy to sell drugs nor, did she over-see anyone.

Rather, she was a customer, a user and small time seller working at the behest of the above mentioned men to support her own drug habit. *See* **PSIR ¶ 35**.

III.   **A MINOR DOWNWARD VARIANCE FROM THE ADVISORY GUIDELINES IS WARRANTED TO ACHIEVE THE SENTENCING GOALS OF 18 USC § 3553(a).**

**Introduction**

Pursuant to the U. S. Supreme Court decision in **United States v. Booker**, 125 S. Ct. 738 (2005), the Federal Sentencing Guidelines are advisory and not biding on the sentencing court. The defendant however, seeks a downward variance to a 10 year sentence. A ten year sentence will not only satisfy the Statutory Provisions of 21 U.S.C. 841 (b)(1)(A), but it is also a sentence sufficient but not "greater than necessary" to serve the purposes of 18 USC ¶ 3553(a).

The Probation Office places defendant's Advisory Guideline "Total Offense Level" at 33, a Criminal History Category of VI, placing her at a sentencing range of 235 to 293 months of imprisonment. *See* **PSI Report, ¶ 165**.

**As stated above, the defendant seeks a 2 level reduction for her Role in the offense pursuant to U.S.S.G. 3B1.2(b). Should the court grant her Motion for a Role reduction, her Total Offense Level is 31, a Criminal History Category of VI, placing her at a sentencing range of 188 to 235 months imprisonment.**

### Authority to Vary in Sentencing

**Since its decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, the Supreme Court has outlined the proper format for a sentencing proceeding in a district court. <u>Gall v. United States</u>, 552 U.S. ------, 128 S. Ct. 586 (2007). The district court should begin with a correct calculation of the advisory Sentencing Guidelines range. <u>Gall</u> 128 S. Ct. at 596 (quoting from <u>Rita v. United States</u>, 551 U.S. ----, 127 S. Ct. 2456 (2007)). Then, after giving both parties a chance to argue for the sentence they deem appropriate, the court should consider all of the factors listed in 18 U.S.C. § 3553(a) to determined whether they support the sentence requested by either party. *Id.* The district court may not assume that the Guidelines range is reasonable, but instead "must make an individualized assessment based on the facts presented." *Id.* If the court determines that a sentence outside of the Guidelines is called for, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* The sentence chosen should be adequately explained so as "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (<u>See also</u> <u>United States v. Braggs</u>, 511 F.3d 808, at 812 (8th Cir. 2008, an upward variance sentencing).**

### 18 U.S.C. § 3553(a) Factors That Justify a Downward Variance

**The "nature and circumstances of the offense" is well documented in the Pre-**

sentencing Report as well as above in "**Comparing Defendant Self's Acts in Relation to the Relevant Conduct . . .**"

"The history and characteristics of the defendant," can be found in the letters written by; her mother Rhonda Schmidt, her young sister Krista Johnson and by her religious minister Janet Wolfe; in the defendant's own Allocution Statement, as well as from her PSIR. The theme that is consistent in her personal history is that the defendant's "upbringing was chaotic due to her mother's alcoholism and co-dependency issues with abusive men." *See* **PSIR ¶ 174**. This is evident when we consider that the majority, if not all of the defendant's co-conspirators were dominating men who used her to do their bidding, by providing her with drugs to maintain her own personal habit so that she can sell their drugs, rent apartments under her name and, sexually seduce her for their own pleasure.

The defendant's troubled life began at an early age. At the age of 11 she witnessed her mother's live-in boyfriend shoot her in the back while she held the defendant's young sister in her arms. *See* **Defendant's Exhibit One**. Its little wonder that the defendant's substance abuse problem would also have began at the early age of 14 and quickly evolved into a cocaine addiction at the age of 17. *See* **PSIR ¶ 174**. "School records show that at the age of 19 Ms. Self was raped by a man, who was later convicted and imprisoned for ten years." **Id**. Obviously, her tragic life had a profound impact on her since she has a history of prostituting herself, not so much for financial gain but to support her drug habit. **PSIR ¶ 35**.

Wherefore, a downward variance, from what sentencing range the court decides to follow, is warranted in this case. The defendant seeks a 10 year sentence.

**A 10 year sentence is "a sentence sufficient, but not greater than necessary," as well as one that satisfies "the need for the sentence:"**

> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
>
> **(B) to afford adequate deterrence to criminal conduct;**
>
> **(C) to protect the public from further crimes of the defendant.**
>
> **18 USC § 3553 (a)**

## Conclusion

Wherefore, the defendant, Amber Dawn Self, through and by the undersigned submits her Sentencing memo and seeks the relief as described above.

**Respectfully submitted,**

**S/s Frank Santiago**
**FRANK SANTIAGO**
**Attorney at Law**
**220 Lafayette**
**Iowa City, IA 52240**
**(319) 339-5218**
**FSantiagoEsq@aol.com**

**CERTIFICATE OF SERVICE**
I, Frank Santiago, hereby certify
That on **July 23, 2008**
Copy was electronically sent
By e-mail to:

**AUSA Clifford Cronk, III**